## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

MICHAEL F. JACKSON                                                                PETITIONER
ADC #114667

v.                          CASE NO.: 5:08CV00109-SWW-BD

LARRY NORRIS, Director,
Arkansas Department of Correction                                       RESPONDENT

### RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District

Judge Susan Webber Wright.  Any party may file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and one copy of your

objections must be received in the office of the United States District Court Clerk no later

than eleven (11) days from the date you receive the Recommended Disposition.  A copy

will be furnished to the opposing party.   Failure to file timely objections may result in

waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

1

II.     **Procedural History**:

Michael Jackson, an Arkansas Department of Correction ("ADC") inmate, brings

this petition for writ of habeas corpus under 28 U.S.C. § 2254.  Pending is Respondent's

motion to dismiss the petition as an unauthorized second or successive petition (docket

entry #7).  For the reasons that follow, the Court recommends that the District Court grant

Respondent's motion to dismiss and dismiss Petitioner's petition for writ of habeas

corpus (#2).

III.    **Background**:

On January 14, 1999, a Mississippi County, Arkansas jury found Petitioner guilty

of battery in the first degree in connection with a shooting.  On a separate "Weapon

Enhancement" verdict form, the jury found that Petitioner used a deadly weapon in the

commission of the offense.  The jury sentenced Petitioner to twenty years in the Arkansas

Department of Correction.  Under Ark. Code Ann. § 16-90-121 (1987), the trial judge

enhanced the sentence, based on the jury's finding that Petitioner used a deadly weapon.[1]

On direct appeal, the Court of Appeals affirmed Petitioner's conviction.  *Jackson v. State*,

1999 WL 1029588, *3 (Ark. App. Nov. 3, 1999).

---

[1]At the time of the commission of the offense and at the time of Petitioner's
sentencing, Ark. Code Ann. § 16-90-121 (1987) provided, "any person who is found
guilty of . . . a felony involving the use of a deadly weapon, whether or not an element of
the crime, shall be sentenced to serve a minimum of ten (10) years in the state prison
without parole but subject to reduction by meritorious good-time credit."

On December 1, 1999, Petitioner mailed a post-conviction Rule 37 petition to the

Mississippi County Circuit Clerk for filing.  The Clerk did not file the petition until

January 28, 2000.  After appointing Petitioner counsel and holding a June 2, 2000

hearing, the Circuit Court denied Petitioner relief on his Rule 37 claims.  Petitioner

appealed the denial of relief to the Arkansas Supreme Court, but the Court found that

Petitioner's Rule 37 petition was untimely filed and dismissed the appeal for lack of

jurisdiction. *Jackson v. State*, No. CR 00-1383, 2002 WL 31792338, at *1 (Ark.

December 12, 2002).

On February 13, 2003, Petitioner filed a post-conviction "petition for declaratory

judgment and mandamus relief conjoined" in the Circuit Court arguing, among other

things, that his sentence was illegally enhanced under Ark. Code Ann. § 16-90-121.  The

Circuit Court denied the petition, and the Arkansas Supreme Court affirmed concluding

that the petition was an untimely post-conviction petition and the arguments should have

been made within the sixty-day time limit imposed by Ark. R. Crim. P. 37.2(b).  *Jackson*

*v. State*, No. CR 03-593, 2003 WL 22455750, at *1 (October 30, 2003).  The Arkansas

Supreme Court denied Petitioner's motion for reconsideration.  *Jackson v. State*, No. CR

03-593, 2003 WL 22969374, at *1 (December 18, 2003).

On May 6, 2003, Petitioner filed his first habeas corpus petition under 28 U.S.C.

§ 2254 in this Court challenging his 1999 conviction.  *Jackson v. Norris*, No.

5:03cv00172 (E.D. Ark. Feb. 8, 2005).  Among the arguments Petitioner raised in his

petition was the argument that the trial court improperly enhanced his sentence under

Ark. Code Ann. § 16-90-121 "based on his being convicted of two or more felonies

involving the use of a firearm." (#8-6 at p.7)   The District Court dismissed the petition

with prejudice adopting the recommended disposition of the magistrate judge (#8-7 at p.

1).  The Court specifically addressed Petitioner's "illegal enhancement" argument on its

merits. *Jackson v. Norris*, No. 5:03cv00172 (E.D. Ark. Feb. 8, 2005).  The Court noted

that Petitioner's argument was based on a revised version of the statute enacted in 2001

which provides for enhancement after being convicted of "a second or subsequent felony

involving the use of a firearm."  ARK. CODE ANN. § 16-90-121 (2001).  (#8-6 at p. 27)

The Court held that the trial court's enhancement of Petitioner's sentence was consistent

with the version of the statute in effect at the time of his conviction and sentencing which

provided for enhancement based upon a conviction of "a felony involving the use of a

deadly weapon, whether or not an element of the crime."  ARK. CODE ANN. § 16-90-121

(1987).  (#8-6 at p. 27)

On August 25, 2006, Petitioner filed a petition for a writ of mandamus and

declaratory judgment with the Mississippi County Circuit Court.  (#2 at p. 102)  In his

mandamus petition, Petitioner argued that the ADC was imposing a sentence contrary to

the one the Court and the prosecutor described to the jury at trial.  (#2 at p. 104)

Petitioner argued that, at trial, the prosecutor and the court had led the jury to believe that,

if it found that Ark. Code Ann. § 16-90-121 was applicable to enhance the Petitioner's

sentence, Petitioner would be entitled to good-time credit that would reduce the length of

his sentence by one-half. (#2 at p. 103)  Petitioner argued that, in contradiction, the ADC

was interpreting the statute to deny him any good-time credit.  (#2 at 103-104)  Petitioner

attached to his petition explanations from the ADC stating that under Ark. Code Ann.

§ 16-90-121, good-time credit can be applied only to a parole date and not to reduce the

length of a sentence.  "Since you are not eligible for promotion and don't have a parole-

transfer date, good time cannot be applied."  (#2 at p. 109)

On December 27, 2006, the Circuit Court held a hearing on the mandamus petition

and on January 12, 2007, it entered an order[2] granting partial relief.  The order provides:

> In view of the manner in which Judge Samuel Turner instructed the jury,
> the Defendant, although ineligible for parole, is entitled to consideration for
> meritorious good time.  The Arkansas Department of Corrections is ordered
> to compute what, if any, meritorious good time the Defendant is entitled
> and award it accordingly.

(#2 p. 143)

Petitioner filed a timely appeal of the January 12, 2007 order with the Arkansas

Supreme Court, but the Court dismissed his appeal when Petitioner failed to properly file

his brief.  See *Jackson v. State*, CR07-179, 2007 WL 1709883 (Ark. June 14, 2007) (per

curiam); *Jackson v. State*, CR07-179 (Ark. Nov. 8, 2007).  Petitioner subsequently

---

[2]Before the January 12, 2007 order could be entered, the Petitioner filed a motion
for reconsideration indicating that the Court made an adverse ruling at the December 27,
2006 hearing.  The Circuit Court denied the motion to reconsider in an order entered
January 22, 2007.

5

attempted to file a belated brief, but on January 2, 2008, the court clerk returned it

because the appeal had been dismissed.  (#2 at p. 151)

On January 4, 2008, Petitioner filed a Motion for Second Habeas Corpus Petition

with the Eighth Circuit Court of Appeals raising essentially the same grounds he presents

here. *Jackson v. Norris*, No. 08-1084 (8th Cir. May 1, 2008).  (#8-10)  In his motion,

Petitioner argued:

> The enhancement was never explained to the petitioner until the sentencing
> phase of his trial.  The enhancement was placed at the bottom of the
> information.  And still the prosecutor explained it totally different than the
> judge had explained it.
>
> Now the Arkansas Department of Correction explains it differently than
> either the judge or the prosecutor, as they have now changed his sentence to
> serve a day for day sentence of the twenty (20) years sentence [sic].

(#8-9 at p. 14)

On April 18, 2008, Petitioner filed this § 2254 petition advancing the claim that his

sentence should not have been enhanced under Ark. Code Ann. § 16-20-121.  Petitioner

argues:

> He was never notified of the enhancement by his attorney.  At trial the
> judge explained the enhancement  A.C.A. 16-90-121 to the petitioner and
> the jury yet the trial prosecutor corrected him and stated it another way.
> And when the petitioner was sent to prison they sentenced him under a "B"
> felony and ordered him to serve ½ of his sentence.  Yet years later it was
> changed to him serving 100% of his sentence, by the ADC and it officials
> [sic].

(#2 at p. 13)

6

On May 1, 2008, the Eighth Circuit denied Petitioner's petition to file a successive habeas application.  *Jackson v. Norris*, No. 08-1084 (8th Cir. May 1, 2008).  (#8-10)

## IV.    <u>Second or Successive Petition</u>:

Title 28 U.S.C. § 2244(b)(1) requires dismissal of any § 2254 claims that were presented in a prior habeas petition.  A petitioner attempting to bring a "second or successive" federal habeas petition challenging a state-court conviction must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  A panel of the court of appeals may authorize the filing of a successive petition "only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)."  *Burton v. Stewart*, 549 U.S. 147, 127 S.Ct. 793, 796 (2007).   A § 2254 claim presented in a second or successive petition, that was not presented in a prior petition, must be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).  The district court is without jurisdiction to consider a successive petition until authorized by the court of appeals.  *Burton*, 127 S.Ct at 796.

Petitioner's current challenge to his 1999 sentence is clearly "second or successive" because he contested the validity of the same conviction and sentence in his § 2254 petition filed in 2003.  Petitioner's 2003 petition was dismissed with prejudice because his claims were without merit or procedurally barred and the Court specifically addressed Petitioner's claim that his sentence had been inappropriately enhanced. *Jackson v. Norris*, No. 5:03cv00172 (E.D. Ark. Feb. 8, 2005).

In his reply to the Respondent's Motion to Dismiss, Petitioner claims his current petition is not successive because it challenges the execution of his sentence not his conviction.  Petitioner argues that the ADC is interpreting and executing his enhanced sentence in a way that is contrary to the Circuit Court's January, 2007 order by denying him the ability to earn good-time credit.  While the result seems harsh in light of the circumstances of this case, this claim is also successive.

In *Crouch v. Norris*,  251 F.3d 720 (8th Cir. 2001), the Court considered an inmate's application to file a second or successive habeas petition.  *Id*. at 722.  The applicant sought permission to bring a second petition to argue that the state's execution of his sentence, specifically its refusal to grant him parole, violated the Fifth and Fourteenth Amendments of the Constitution of the United States.  *Id*.  The Court held that the applicant's proposed petition was not a successive petition because the parole claim could not have been brought in his earlier petition.  *Id*. at 724.  The Court reasoned that the first petition challenged the constitutionality of his conviction and the second

8

petition would challenge the execution of his sentence based on facts of which he was not aware until at least ten weeks after his first petition was filed. *Id*. at 724.

The facts of this case are materially different from the facts in *Crouch*. In this case, Petitioner was aware of the ADC's interpretation of his enhanced sentence prior to filing his first habeas petition. In reply to a Court order requiring clarification of the claims in his first habeas petition, Petitioner argued, "[n]ot until 05-22-02 was the petitioner's release date changed to reflect the enhancement. This was done by the ADC by Ms. Dozier a business office employee at the E.A.R.U. [East Arkansas Regional Unit], after clarification by George Brewer and confirmed by the Attorney General's Office illegally." (#8-3 at p. 5) Accordingly, in this case, unlike in *Crouch*, Petitioner knew of the ADC's interpretation of his enhanced sentence and could have raised the claim in his first habeas petition.

Assuming Petitioner's claim is not successive, it is barred by the statute of limitations. Under 28 U.S.C. § 2244(d)(1)(D), the one-year statute of limitations began to run on May 22, 2002, when Petitioner discovered the factual predicate of his claim, and expired years ago.

Accordingly, this petition requires prior authorization by the Eighth Circuit Court of Appeals under § 2244(b). As noted, the Eighth Circuit has already denied Petitioner's application to proceed with essentially the same claim he now presents to this Court. To the extent he provides additional arguments or supporting documentation as to why he

9

believes he should be allowed to proceed with a successive petition, those are matters which should be presented to the Eighth Circuit Court of Appeals.  This Court is without jurisdiction to consider the claims until the Eighth Circuit grants Petitioner leave to proceed.  See *Burton v. Stewart*, 127 S.Ct. at 796 (concluding a habeas application filed after a previously adjudicated application was a second or successive application, which had not been authorized by the appropriate court of appeals, and thus the district court lacked jurisdiction to entertain it).

**V.**      **Conclusion**:

The Court recommends that the District Court grant Respondent's motion to dismiss (#7) and dismiss Petitioner's petition for writ of habeas corpus (#2) without prejudice to refiling if Petitioner obtains the necessary order from the United States Court of Appeals for the Eighth Circuit.

DATED this 4th day of June, 2008.


_____
UNITED STATES MAGISTRATE JUDGE